IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGUEL TORO HERNAIZ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL NO. 06-1099 (PG)
Criminal No. 00-142 (PG)
Criminal No. 01-528 (PG)

## REPORT AND RECOMMENDATION

### INTRODUCTION

On January 25, 2006, above petitioner, Miguel Toro-Hernaiz (hereinafter "Toro-Hernaiz") filed a motion and memorandum in support to set aside or correct the sentence imposed under 28 U.S.C. § 2255. Petitioner avers ineffective assistance of counsel for failure to file an appeal to his convictions and sentences and not objecting at the time of sentence the enhancements for criminal history and for being a manager or supervisor in the criminal activity. (**Docket No. 1**).

On March 1, 2006, the motion for post-conviction relief was referred to this Magistrate Judge for report and recommendation. (Docket Nos. 4, 5). On May 1, 2006, the government filed its response to above petition (**Docket No. 11**).

### PROCEDURAL BACKGROUND

On May 31, 2000, petitioner, along with two (2) other co-defendants, was subject to a two-count Indictment in Criminal No. 00-142 (PG) charging aiding and abetting in the

possession with intent to distribute four hundred twenty (420) grams of heroin (Count One) and ninety (90) grams of cocaine (Count Two), a violation to 21, United States Code, Sections 841(a)(1) and 18, United States Code, Section 2.

On March 2, 2001, petitioner pled guilty upon a plea agreement with the government wherein he was held accountable for at least eighty (80) but less than one hundred (100) grams of heroin. There was a two level (2) increase under the Sentencing Guidelines for being a manager or supervisor in the criminal activity. Thereafter, petitioner was sentenced under the now advisory then mandatory sentencing guidelines. The pre-sentence report, not objected to by the parties, recommended a base offense level of twenty four (24), since the drug offense involved eighty (80) but less than one hundred (100) grams of heroin. A two (2) level increase was added for being a manager or supervisor and three (3) levels were reduced for acceptance of responsibility. Toro-Hernaiz' prior convictions and the fact that he was under supervised release at the time of the offense charged, resulted in six (6) points criminal history, for a Criminal History Category III, and a Total Offense Level of twenty three (23). The sentencing guideline range was from fifty seven (57) to seventy-one (71) months of imprisonment. Thus, at the time of sentencing, the Court imposed seventy one (71) months of imprisonment, eight (8) years of supervised release and the mandatory penalty assessment of one hundred dollars ($100.00). No appeal was filed as to sentence which was imposed on July 12, 2001.

Subsequently on August 21, 2001, Toro-Hernaiz was charged together with fourteen (14) other co-defendants, in a five-count Indictment in Criminal No. 01-528(PG). Toro-Hernaiz

appeared therein charged in Count One with a conspiracy to possess with intent to distribute in excess of one (1) kilogram of heroin, five (5) kilograms of cocaine or multi-pound quantities of marihuana, in violation to 21, United States Code Section 846.

As to this Indictment, on July 2, 2002, Toro-Hernaiz entered a plea of guilty under Criminal No. 01-528 (PG) upon a plea agreement with the government where he was attributed ten (10) but less than thirty (30) kilograms of heroin. The base offense level was estimated to be thirty three (33) and with a Criminal Category History of III, the imprisonment range would then fall from one hundred and eighty to two hundred and ten (180-210) months of incarceration. The government agreed under said plea agreement to recommend a sentence at the lower end of the guideline range and not to oppose that the sentence be served concurrent with the one imposed in Criminal No. 00-142(PG).

On July 8, 2002, the Court imposed sentence in Criminal No. 01-528 (PG) as agreed upon of one hundred eighty (180) months to be served concurrently with Criminal No. 00-142 but consecutive to the term imposed in Criminal No. 92-113(PG) since defendant had violated supervised release conditions with the commission of subsequent federal offenses. The Court also imposed a supervised release in Criminal No. 01-528(PG) of eight (8) years and the mandatory penalty assessment of one hundred dollars ($100.00).

## LEGAL ANALYSIS

**I.     Petitioner's section 2255 is Time-Barred.**

To determine if a section 2255 petition is time barred, one must first look at the language of the statute. A one-year statute of limitations was enacted by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). In its pertinent part, section 2255 reads as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation shall run from the latest of-

(1) the date on which the judgment of conviction becomes final[.]

28 U.S.C. § 2255, ¶ 6.

A conviction is not final as long as the defendant can appeal either the conviction or the sentence imposed upon him. Griffith v. Kentucky, 479 U.S. 314, 321 (1987); United States v. Colvin, 204 F.3d 1221, 1224 (9th Cir. 2000). Accordingly, for purposes of a petition under section 2255, the judgment is considered to be "final" when the Supreme Court denies a petition for a *writ of certiorari*, and it is from that date that the limitations period starts to run. *See* Griffith, 479 U.S. at 321 n. 6; Derman v. United States, 298 F.3d 34 (1st Cir. 2002); United States v. Marcello, 212 F.3d 1005, 1008 (7th Cir. 2000); United States v. Thomas, 203 F.3d 350, 352-53 (5th Cir. 2000).

On the other hand, a conviction for a federal defendant who fails to file a petition for a *writ of certiorari* becomes final when the period in which he seasonably might have done so expires. Derman, 298 F.3d at 34; United States v. Burch, 202 F.3d 1274, 1276 (10th Cir. 2000)

(if a defendant does not file a petition for a *writ of certiorari* with the U.S. Supreme Court after a direct appeal, the judgment of conviction becomes final when the time for filing the *certiorari* petition expires); Neverson v. Farquharson, 366 F.3d 32, 36 (1st Cir. 2004) (conviction became final when the ninety-day period for seeking *certiorari* expired)(quoting Clay v. United States, 537 U.S. 522, 527, 123 S.Ct. 1072 (2003) (discussing finality for purposes of post-conviction relief.)[1]

Petitioner's conviction in this case became final upon expiration for the time to file an appeal, that is, ten (10) days after judgment was entered and notified by the Clerk's Office, and ninety (90) days thereafter when he could have sought *certiorari* as to sentences imposed on July 12, 2001 (Criminal No. 00-142, Docket No. 65 ) and/or on July 8, 2002 (Criminal No. 01-528, Docket No. 299). *See* United States v. Nelson Rodríguez, 319 F.3d 12 (1st Cir. 2003). The most generous term under the Federal Rules of Appellate Procedure may be applied, for which the conviction could have become final after forty (40) days from date judgment was entered and ninety (90) days thereafter when *certiorari* could have been sought.[2]

The government's response argues and is fully supported by the record that Toro-Hernaiz' petition well exceed the term he had to request collateral relief and certainly filed the

---

[1] *See, e.g.,* United States v. García, 210 F.3d 1058, 1060 (9th Cir. 2000); United States v. Gamble, 208 F.3d 536, 537 (5th Cir. 2000); Kapral v. United States, 166 F.3d 565, 570 (3rd Cir. 1999)(holding conviction becomes final when the time for seeking *certiorari* expires).

[2] Federal Rule of Appellate Procedure 4(b)(4) provides for a district court to extend the ten day provided by Rule 4(b) for a period not to exceed thirty (30) days.

instant petition long after the one year limitation under AEDPA had expired. Thus, the petition should be considered untimely and time-barred since it was filed on January 25, 2006.

Petitioner has not indicated any argument for which he should be entitled to tolling or discussed any facts that could support the claims presented of ineffective assistance of counsel, which, if not evident, could have been discovered through the exercise of due diligence.

Hence, equitable tolling is unavailable where a party fails to exercise reasonable diligence. Moreover, "[i]t is axiomatic that 'the grounds for tolling statutes of limitations are more limited in suits against the government....' " Kelley v. NLRB, 79 F.3d 1238, 1248 (1st Cir. 1996) (quoting Swietlik v. United States, 779 F.2d 1306, 1311 (7th Cir. 1985)).[3] Equitable tolling is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances. Such tolling is appropriate in *habeas* cases only when circumstances beyond the petitioner's control have prevented him from filing on time, since care is required to avoid upsetting the strong concern for finality embodied in *habeas* statute. *See* Neverson, 366 F.3d at 32. That is not the situation in this case because petitioner has not alleged any circumstances beyond his control which prevented him from filing his claim in a timely fashion.

Finally, we note that the fact that petitioner is *pro-se* should not alter our conclusion. Petitioner's *pro-se* status does not absolve him from compliance. *See* Eagle Eye Fishing Corp.

---

[3] Courts weigh five (5) factors in assessing claims of equitable tolling: (1) the lack of actual notice of the filing requirement; (2) the lack of constructive notice of the filing requirement; (3) the diligence in pursuing one's rights; (4) the absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the filing requirement. *See* Kale v. Combined Ins. Co. of America, 861 F.2d 746, 752 (1st Cir. 1988). Benítez-Pons v. Com. of Puerto Rico, 136 F.3d 54, 61 (1st Cir. 1998).

v. United States Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) (explaining that "the right of self-representation is not a license not to comply with relevant rules" (citation and internal quotation marks omitted)); FDIC v. Anchor Props., 13 F.3d 27, 31 (1st Cir. 1994) ("We have consistently held that a litigant's *pro se* status [does not] absolve him from compliance with [either] the Federal Rules of Civil Procedure [or] a district court's procedural rules." (citation and internal quotation marks omitted)); United States v. Heller, 957 F.2d 26, 31 (1st Cir. 1992) (quoting Feinstein v. Moses, 951 F.2d 16, 21 (1st Cir.1991)) ("*pro se* status [does not] absolve [a litigant] from compliance with the Federal Rules of Procedure.").

Absent a showing of the extraordinary circumstances which may require to toll the limitation period as to this AEDPA claim, petitioner's motion to vacate sentence under § 2255 is barred by the one-year statute of limitations.

Accordingly, it is recommended that petitioner's request be DENIED for being time barred.

In the alternative, if the Court were to conclude that the petition is not time-barred, the grounds raised by petitioner that may entitle him to obtain post-conviction relief also lack merit and are succinctly discussed below.

## II.     Ineffective Assistance of Counsel.

Petitioner has submitted counsel was ineffective for failure to file an appeal for the purpose of objecting to the enhancements received at sentence as a supervisor or manager in the offense which was not indicted nor charged and applied by a judicial fact-finding by a

preponderance of the evidence. Toro-Hernaiz claims these enhancements are a violation of Apprendi, Jones, Ring, Blakely and Booker. Petitioner makes a similar claim as to the enhancement which raised his criminal history category and the two (2) levels increase for committing the offense while under supervised release.

### A. Failure to file an appeal.

The rationale enunciated since Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984) applies for ineffective assistance on constitutional grounds upon failing to file a notice of appeal.

Under Strickland, a defendant must show that (1) counsel's representation "fell below an objective standard of reasonableness," *id*. at 688, 104 S.Ct. 2052, and (2) counsel's deficient performance prejudiced the defendant, *id*. at 694, 104 S.Ct. 2052. Pp. 1034-1040.

Courts must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," 466 U.S., at 690, 104 S.Ct. 2052, and "[j]udicial scrutiny of counsel's performance must be highly deferential," id., at 689, 104 S.Ct. 2052.

A lawyer who disregards a defendant's specific instructions to file a notice of appeal acts in a professionally unreasonable manner, *see* Rodríquez v. United States, 395 U.S. 327, 89 S.Ct. 1715 (1969), while a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following those instructions, his counsel performed deficiently, *see* Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029 (2000).

Counsel who consults with the defendant performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions about an appeal. If counsel has not consulted, the court must ask whether that failure itself constitutes deficient performance. The better practice is for counsel routinely to consult with the defendant about an appeal. Counsel has a constitutionally imposed duty to consult, however, only when there is reason to think either (1) that a rational defendant would want to appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. One highly relevant factor will be whether the conviction follows a trial or a guilty plea, because a plea both reduces the scope of potentially appealable issues and may indicate that the defendant seeks an end to judicial proceedings. Even then, a court must consider such factors as whether the defendant received the sentence bargained for and whether the plea expressly reserved or waived some or all appeal rights. *Id.*

Petitioner has presented no indicia, even argumentative, that he instructed his counsel to appeal and he failed to do so. On the contrary, the record shows that after initially being sentenced on the basis of a guilty plea in Criminal No. 00-142 (PG) and being duly admonished by the sentencing judge as to his right to file an appeal within ten (10) days after the judgment was entered on July 12, 2001, petitioner continued with same counsel and entered a plea on July 8, 2002 in Criminal No. 01-528 (PG).

Furthermore, on the same date and time of sentencing in Criminal No. 00-142, the Court addressed the revocation proceedings as to supervised release in Criminal No. 99-113. Defendant Toro-Hernaiz accepted the violation of supervised release, waived the right to a hearing or to contest any evidence thereof. *Transcript pp. 11-14.* Since petitioner had committed the offense in Criminal No. 00-142 on May 25, 2000, while under supervised release in Criminal No. 99-113, supervised release was revoked and he was sentenced to imprisonment for a term of twelve (12) months to be served concurrently with the one just imposed in Criminal 00-142. *Id. p. 17.* Petitioner and counsel were by then fully aware there was another criminal investigation pending against petitioner and there was a possibility that new charges were to be filed against him. *Id. p. 18.*

As such, the record is pellucidly clear that subsequently petitioner assisted by same counsel, plead guilty and was sentenced on July 8, 2002 in Criminal No. 01-528(PG), almost a year after proceedings were held in Criminal No. 00-142 and revocation as to Criminal No. 99-113, without any concern being raised as to his right to appeal the previous convictions or addressing the court on the issue.

As such, petitioner's claim that he was denied effective assistance for not having filed an appeal, under the totality of the circumstances other than petitioner's naked assertion that an appeal should have been filed, fails to support his belated claim that he is entitled to post-conviction relief.

### B. Apprendi - Booker violations.[4]

Petitioner Toro-Hernaiz submits the enhancements received at the time of sentencing, which resulted in a longer sentence than could be returned by a jury verdict, were applied by the Court through fact-finding of the sentencing judge using a preponderance of the evidence and were in violation of Apprendi and his due process. Toro-Hernaiz refers to enhancement for a role in the offense in that he was considered a leader, organizer, manager or supervisor and the increase in prior criminal history because of violation of conditions of supervised release at the time of the commission of the offense, in addition to his prior criminal record.

The plea agreement, as well as the presentence report, submitted, without any objection thereto, a role in the offense adjustment in that defendant was an organizer, leader, manager, or supervisor, that warranted a two (2) level increase to the base offense level, within the meaning of Guideline §3B1.1(a), in addition to his Criminal History Category of III[5]. At the change of plea hearing, the Court personally addressed petitioner as to the role in the offense and the two (2) level increase and he responded in the affirmative.

Even after Booker, and under the new advisory guidelines regime, the Court of Appeals

---

[4] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000); United States V. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).

[5] The Court of Appeals for the First Circuit has also expressed that insofar as prior convictions and jury determination beyond reasonable doubt on this issue would be contrary to Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219 (1998) and the First Circuit shall follow Almendarez-Torres until the Supreme Court disavows it. See United States v. Jiménez-Beltre, 440 F.3d 514, 518-19 (1st Cir.2006) (en banc ) (Sixth Amendment did not require fact and nature of defendant's prior conviction to be proved to jury beyond reasonable doubt; *see also* United States v. Peralta, 2006 WL 2336970 (1st Cir. 2006) (fact of defendant's prior convictions was not required to have been proved to a jury beyond a reasonable doubt for those convictions to support a career offender finding at sentencing).

for the First Circuit rules that on the issue that facts underlying the enhancement be found by a jury, a district court can use the preponderance of the evidence standard to determine whether an enhancement applies. *See* United States v. De Los Santos, 420 F.3d 10, 14 (1st Cir.2005); *see also* United States v. Holliday, 2006 WL 2142565 (1st Cir. 2006).

Insofar as the claimed Apprendi and Booker violations, if such error occurred by the time of sentencing petitioner in the years 2000 and 2002, he needs to have preserve the same by having argued Apprendi or Blakely error or that the Guidelines be deemed unconstitutional. Generally, there is no Booker argument if the sentence imposed was a statutory mandatory minimum sentence resulting from facts found by a jury or admitted by the defendant. United States v. Antonakopoulos, 399 F.3d 68, 76 (1st Cir. 2005). The sentencing court has broad discretion to rely on information that possesses sufficient indicia of reliability to support its probable accuracy. *See* United States v. Green, 426 F.3d 64 (1st Cir. 2005).

In the instant case, petitioner's written plea agreement, the transcripts of proceedings both at the change of plea and at the imposition of sentence, and the presentence report, establish petitioner Toro-Hernaiz did not object to the role adjustment or the Criminal History Category of III. As the Court of Appeals for the First Circuit states: "[o]rdinarily, a defendant can be held to such stipulations." United States v. Rodríguez-González, 433 F.3d 165, 167 (1st Cir. 2005) (*citing* United States v. Teeter, 257 F.3d 14, 28 (1st Cir. 2001).

Even if we were to consider petitioner's claim as unpreserved Booker argument, the applicable framework for review appears in Antonakopoulos, 399 F.3d at 74 which submits

the four-prong test established in <u>United States v. Olano</u>, 507 U.S. 725, 113 S.Ct. 1770 (1993), to wit; there must be (1) an error (2) that is plain, and it (3) affects substantial rights and (4) seriously impairs the fairness, integrity, or public reputation of judicial proceedings. The first two (2) prongs of the plain error test are met whenever the district court treated the Guidelines as mandatory at the time of sentencing. *Id.*

In this case, the sentencing court by 2001 and 2002, would indeed consider the Sentencing Guideline as mandatory. Yet, to meet the third prong of the test, petitioner must persuade us that there is a "reasonable probability that the district court would impose a different sentence more favorable to the defendant under the new 'advisory Guidelines' <u>Booker</u> regime." *Id.* "[I]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice under plain-error analysis." *Id.* at 77 (citations and internal quotation marks omitted). *See* <u>United States v. Serrano-Beauvaix</u>, 400 F.3d 50 (1st Cir. 2005).

Petitioner has failed to meet his burden to show there is a reasonable probability he would be sentenced more leniently under an advisory Sentencing Guideline system. To establish plain error at sentencing under the mandatory guidelines regime, a defendant must point to circumstances creating a reasonable probability that the district court would impose a different sentence more favorable to him under the new advisory guidelines Booker regime. *See* <u>United States v. Cotto</u>, 456 F.3d 25 (1st Cir. 2006).

This Magistrate Judge fails to see how petitioner Toro-Hernaiz imposed sentences could fall within the narrow range of categories for which collateral relief under ineffective assistance

of counsel would be available or could avail himself of the Apprendi or Booker rationale.

### III. Evidentiary hearing.

Succinctly, a petition can be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990) (*quoting* Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989)). *See* United States v. Rodríguez-Rodríguez, 929 F. 2d 747, 749-50 (1st Cir. 1991). Petitioner in this case has failed to meet this requirement.

This Magistrate Judge considers that in light of above discussed, there is no *prima facie* case submitted and that there is no claim for which petitioner be entitled to relief. Petitioner has not established merits to his post-conviction motion. From a perusal of the record, and as further discussed, this Magistrate Judge finds that defense counsel's performance was reasonable and there is no factual determination to be made. The record is deemed sufficient to evaluate petitioner's claim without need for an evidentiary hearing. Therefore, petitioner is not entitled to an evidentiary hearing on the issues raised by this §2255 petition.

### CONCLUSION

Considering the above discussed, it is recommended that petitioner's § 2255 petition be DENIED.

IT IS SO RECOMMENDED.

The parties are ordered to file any objections to this report and recommendation within ten (10) days. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the Magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, this 25th day of August of 2006.

                                     **s/CAMILLE L. VELEZ-RIVE**
                                     **CAMILLE L. VELEZ-RIVE**
                                     **UNITED STATES MAGISTRATE JUDGE**